JOURNAL ENTRY and OPINION
Defendant-appellant Anthony Davis appeals from the trial court's order of sentence imposed for appellant's conviction for the crime of felonious assault. The trial court's order notified appellant of the possibility of sanctions if he committed an offense either while in prison or upon his release from prison.
Prior to his sentencing hearing, appellant filed a motion requesting the trial court to declare unconstitutional the two pertinent provisions of Senate Bill 2, viz., R.C. 2967.11 and R.C. 2967.28. These statutes establish the schemes known as "bad time" and "post release control." Appellant asserts in his sole assignment of error the trial court erred in denying his motion.
This court has reviewed the record and concludes that appellant lacks standing to challenge the constitutionality of these statutes; therefore, appellant's assignment of error is overruled. The order of the trial court is affirmed.
The record reflects on April 8, 1997 appellant was indicted on one count of felonious assault. Appellant waived his right to a jury trial and elected to have his case tried to the bench.
On June 5, 1997, after hearing the testimony of the witnesses, the trial court found appellant guilty of the charge. The trial court immediately sentenced appellant to a term of incarceration of two years.
Appellant filed an appeal of his conviction and sentence to this court. In State v. Davis (June 18, 1998), Cuyahoga App. No. 72820, unreported, this court reviewed appellant's assignments of error and affirmed his conviction; however, this court sustained appellant's assignment of error that challenged his sentence. Since the trial court had failed to comply with the notification requirements of R.C. 2929.19(B)(3), appellant's case was remanded for re-sentencing.
On remand, appellant filed a pre-sentence motion for an order declaring unconstitutional "the statutory scheme concerning "bad time" and `post-release control.'" Appellant attached to his motion a brief in support. The record contains no response by the state to appellant's motion.
On January 7, 1999 the trial court conducted appellant's resentencing hearing.[1] The trial court indicated appellant's previously-imposed" two-year prison term remained in effect, notified appellant pursuant to R.C. 2929.19(B)(3) of the potential sanctions permitted by R.C. 2967.11 and R.C. 2967.28, and issued a further order denying appellant's motion.
Appellant timely appealed from the foregoing order. Appellant's appeal was scheduled for oral argument on March 1, 2000; therefore, this court assumes appellant has served his sentence.[2]
Appellant presents the following assignment of error for review:
 THE TRIAL COURT ERRED IN DENYING THE MOTION TO DECLARE UNCONSTITUTIONAL THE STATUTORY SCHEME IN R.C. 2967.11 ("BAD TIME") AND R.C. 2967.28 ("POST-RELEASE CONTROL") WHEN THE SCHEME VIOLATES THE SEPARATION OF POWERS DOCTRINE, DENIES THE RIGHT TO EQUAL PROTECTION, DUE PROCESS, AND PROTECTION FROM DOUBLE JEOPARDY, AND CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF R.C. 2945.17, ART. I, SECTIONS 2, 5, 9, 10 AND 16 OF THE OHIO CONSTITUTION, AND THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES.
Appellant argues both R.C. 2967.11 and R.C. 2967.28 are unconstitutional on several grounds.
In view of this court's previous decision in State v. Jones
(Sep. 2, 1999), Cuyahoga App. No. 74247, unreported, this court already has determined R.C. 2967.28 is unconstitutional as violative of appellant's right to due process of law.[3] But see Woods v. Telb (June 23, 1999). Lucas App. No. L-99-1083, unreported (R.C. 2967.28 violative of both constitutional doctrine of separation of powers and constitutional right to due process of law); see, also, White v. Konteh (Mar. 23, 1999), Trumbull App. No. 99-T-0020, unreported (R.C. 2967.11
unconstitutional for same reasons); cf., State ex rel. Bray v.Russell (Nov. 9, 1998), Warren App. No. CA-98-02-068, unreported (R.C. 2967.11 constitutional despite challenges on due process, equal protection and separation of powers grounds)
Nevertheless, this court also must follow its decision in Statev. Williamson (Oct. 22, 1998), Cuyahoga App. Nos. 73130, 73132, unreported. There is nothing in the record to suggest appellant either had his prison time extended by R.C. 2967.11 or had sanctions imposed upon him for violation of post-release control as mandated by R.C. 2967.28. Appellant has suffered no injury as the result of the application of these statutes; therefore, appellant lacks standing to bring a constitutional challenge to them.[4] Id.; see, also, State v. Spikes (1998), 129 Ohio App.3d 142; State v. Somerlot (Jan. 23, 1998), Erie App. Nos. 96-CR-441, 442, 484, 584, 437, 522, 537, unreported; State v. Shearn
(Apr. 13, 1998), Coshocton App. Nos. 97-CA-10, 12, 19, 25, unreported.
Accordingly, appellant's assignment of error is overruled.
The trial court's denial of appellant's motion for an order declaring R.C. 2967.11 and R.C. 2967.28 unconstitutional is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JUDGMENT: Affirmed.
MICHAEL J. CORRIGAN, J. and JAMES M. PORTER, J., CONCUR.
 _________________________________ KENNETH A. ROCCO, PRESIDING JUDGE
[1] Appellant waived his right to be present at the re-sentencing hearing.
[2] Pursuant to R.C. 2967.28, appellant is subject to post-release control for a minimum period of three years.
[3] The state filed a notice of appeal of this court's decision in the Ohio Supreme Court on October 19, 1999. On February 2, 2000, the supreme court accepted the state's appeal and ordered the case held for the court's decision in three other pending cases.
[4] This court notes that the Ohio Supreme Court currently is considering the constitutionality of R.C. 2967.11. State ex rel.Bray v. Russell (1999), 87 Ohio St.3d 1411. Oral argument in that case was conducted on November 30, 1999.